### ALDERDYCE v. ALDERDYCE.

1. DIVORCE—COLLUSION—FRAUD—SUFFICIENCY OF PROOF TO VACATE DECREE.

> Where husband's bill for divorce and wife's cross-bill for separate maintenance both contained sworn averments denying collusion, and the husband denied signing collusive agreement, although the signature closely resembles his, there was an insufficient showing of fraud necessary to warrant setting aside the decree on the ground of collusion on wife's motion.

2. SAME—DECREE WILL BE DENIED WHERE COLLUSION APPEARS BEFORE GRANTED, BUT WILL NOT BE VACATED WHERE COLLUSION APPEARS AFTER.

> When collusion appears to the court before decree, divorce will be denied, but where the fact of collusion does not appear before decree, and the pleadings and proceedings are regular,

Collusion as bar to divorce, see annotation in 60 L. R. A. 297; 51 L. R. A. (N. S.) 535; 2 A. L. R. 714.

the court has jurisdiction, and vacation of the decree will not be ordered at the instance of a party guilty of such fraud upon the court, at least in the absence of considerations of equity or public policy.

Appeal from Calhoun; Johnson (Clayton C.), J., presiding. Submitted June 20, 1928. (Docket No. 99, Calendar No. 33,141.) Decided October 1, 1928. Rehearing denied December 4, 1928.

Bill by Lee E. Alderdyce against Jennie E. Alderdyce for a divorce. Defendant filed a cross-bill for separate maintenance. From a decree for plaintiff, defendant appeals. Affirmed.

*James H. & John A. Mustard,* for plaintiff.

*William E. Ware,* for defendant.

FEAD, C. J. Decree was entered in the circuit court, granting plaintiff a divorce on the ground of cruelty, dismissing defendant's cross-bill for separate maintenance, and adjusting property matters and alimony. Amended and supplemental decrees were later made.

Both bill and cross-bill contained the usual sworn averments denying collusion. Defendant was very confident of decree in her favor. After the decree was entered, she made a motion to vacate it on the ground of collusion. On the hearing of the motion, she presented a written agreement, purporting to be signed by both parties and to have been executed the day before the bill was filed, to the effect that, as defendant refused to file a bill for divorce, plaintiff could do so, and, for business reasons, defendant agreed to not refer to plaintiff's misconduct with his stenographer in her cross-bill. Plaintiff denied execution or knowledge of it.

In her cross-bill, defendant referred to the stenographer in an indefinite way as having interests adverse to hers. She did not inform her counsel of the agreement, but discussed her charges with him and "decided to word it in just that way that he was maintaining a stenographer whose interests were adverse to mine in hope that he would wake up and see what this matter was leading to." The case was heard at length and defendant, personally and through other witnesses, presented testimony of claim of misconduct by plaintiff and his stenographer. The court denied the motion to vacate.

The sworn pleadings of the parties, the character of the alleged agreement, and defendant's subsequent conduct in breach thereof throw so much doubt upon the claim of plaintiff's execution of the writing, although the signature closely resembles his, that the showing does not meet the requirement of proof of fraud necessary to set aside a decree.

Nor, if the fact of execution by plaintiff were established, would the agreement require vacation of the decree. When collusion appears to the court before decree, it is held divorce will be denied. *Thompson* v. *Thompson,* 70 Mich. 62. But where the fact of collusion does not appear before decree, and the pleadings and proceedings are regular, the court has jurisdiction (*Simons* v. *Simons,* 47 Mich. 253); and vacation of the decree will not be ordered at the instance of a party guilty of such fraud upon the court, at least in the absence of considerations of equity or public policy. *Simons* v. *Simons, supra; Carlisle* v. *Carlisle,* 96 Mich. 128; *Van Slyke* v. *Van Slyke,* 186 Mich. 324; 2 A. L. R. 714, note; 19 C. J. p. 168; 9 R. C. L. p. 451.

No such considerations require vacation of the decree at bar, the alleged agreement was not oper-

ative in fact, and vacation would merely require the useless threshing of old straw in a subsequent non-collusive action.

The parties were married in 1904, have no children, and separated in 1923. Defendant's own testimony and letters make it clear that, at least of later years, she had little regard for plaintiff and had become critical and articulate toward him. She held, expressed, and exhibited unfriendliness to his relatives. The home life was not happy. The serious phases of her conduct were that she humiliated him in the presence or homes of acquaintances and without just cause accused him of infidelity, not only so charging him directly but voicing her accusations and suspicions to others. *Clark* v. *Clark*, 199 Mich. 282.

The decree is affirmed, without costs.

FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred. NORTH, J., did not sit.