## CHAMBLIN *v.* CHAMBLIN

No. 3034

January 3, 1934. 27 P. (2d) 1061.

*A. P. Johnson,* for Appellant:

*William S. Boyle,* for Respondent:

## OPINION

By the Court, COLEMAN, J.:

Mathilda Chamblin instituted a suit against Charles Edward Chamblin to set aside a decree of divorce theretofore entered in favor of the said Charles Edward Chamblin and against the said Mathilda Chamblin.

After taking testimony and considering the evidence and arguments of counsel, the court entered a decree annulling and setting aside the decree of divorce theretofore entered in favor of Charles Edward Chamblin. Thereafter a motion for a new trial was made, which was denied by the court on May 22, 1933. The defendant has appealed from both the decree and the order denying the motion for a new trial.

We will refer to the parties as they were designated in the trial court.

On the same day the record on appeal was filed with the clerk of this court, counsel for the plaintiff filed a notice of motion to strike the bill of exceptions on the ground that it was not filed within twenty days after the entry of the order denying the defendant's motion for a new trial.

1. We do not deem it necessary to determine the motion to strike, for we think the contention of the defendant that the complaint does not state a cause of action is well taken.

The gravamen of the complaint is that the defendant

obtained his decree of divorce upon perjured testimony, which constituted a fraud upon the court which granted the decree.

In the divorce suit in which the decree now attacked was entered, personal service of summons was had upon the defendant in that suit (plaintiff here), and she had every opportunity to appear and defend. She was charged with a knowledge of the fact that the plaintiff in that suit would produce the testimony which it is now said constituted perjury.

**2, 3.** We had under consideration the identical question here involved in the matter of Confer v. District Court, 49 Nev. 18, 234 P. 688, 689, 236 P. 1097, where we held: "The power of a court of equity to grant relief from a judgment obtained by fraud is inherent, but not every fraud committed in the course of a judicial determination will furnish ground for such relief. The acts for which a judgment or decree may be set aside or annulled have reference only to fraud which is extrinsic or collateral to the matter tried by the court, and not to fraud in the matter on which the judgment was rendered."

Fraud is extrinsic or collateral within the meaning of the rule when it is one the effect of which prevents a party from having a trial, or from presenting all of his case to the court, or which operates, not upon the matters pertaining to the judgment itself, but to the manner in which it is procured. 15 R. C. L. p. 763; 34 C. J. p. 472, n. 66a.

From the very nature of the grounds of fraud relied upon, it is seen that it is not extrinsic or collateral to the matter tried by the court in the suit resulting in the decree of divorce.

Counsel for the plaintiff cites authorities which lay down a different rule from that recognized in the Confer case, but we are convinced that the great weight of authority, as well as the better reasoning, sustains the conclusion reached in the Confer case. Recent decisions in accord with the decision in the Confer case are Graure v. Detroit L. Co., 260 Mich. 47, 244 N. W. 225; Taylor

v. Taylor, 159 Va. 338, 165 S. E. 414; Hendricks v. Hendricks, 216 Cal. 321, 14 P.(2d) 83; Wm. H. Johnson Timber & Realty Co. v. Belt, 329 Mo. 515, 46 S. W.(2d) 153; Parker v. Sims, 185 Ark. 1111, 51 S. W.(2d) 517.

If we were to accept a different rule than that stated, we would be encouraging endless litigation, in which nothing would ever be finally determined. Decrees quieting title to property would be of so little value that real estate in many instances would not be marketable. In fact an endless list of evils might be enumerated.

The complaint failing to state a cause of action, it is ordered that the judgment and order appealed from be, and they are hereby, reversed, and the trial court is ordered to dismiss the suit at costs of plaintiff.

### ON PETITION FOR REHEARING

February 1, 1934.

*Per Curiam:*

Rehearing denied.