[No. 26016.   Department Two.   April 14, 1936.]

BEATRICE JOHNSON, *Respondent*, v. HENRY F. JOHNSON, *Appellant*.[1]

*Frank Harrington,* for appellant.
*Joseph H. Griffin,* for respondent.

BLAKE, J.—Plaintiff and defendant were married December 27, 1924.  February 12, 1925, plaintiff gave birth to a child.  Subsequently, plaintiff instituted an action for divorce in the superior court of Kitsap county.  The defendant defaulted.  March 11, 1929, the cause was heard, and findings of fact and conclusions of law were made and entered.  The court found that "one child has been born to said parties."  An interlocutory decree was entered awarding the custody of the child to plaintiff.  No provision was made, however, charging defendant with its support.  No appeal having been taken, a final decree was entered September 16, 1929.

August 20, 1935, plaintiff filed in the superior court

[1]Reported in 56 P. (2d) 679.

of King county her petition praying for a modification of the decrees entered by the superior court of Kitsap county, so as to require defendant to contribute to the support of the child. In response to a show cause order issued on the petition, defendant filed an affidavit in which he disclaimed paternity of the child and asserted that the interlocutory decree in the divorce action was obtained through fraud practiced on the court by plaintiff, in

". . . that Beatrice Johnson, before the filing of said action and while said action was pending, told affiant that he was not the father of said child and that she would not ask the court for any allowance of support money in said action. That no finding would be made that affiant was the father of said child, and that the matter of the parentage of said child would not be determined in said action. That affiant believed and relied upon the aforesaid statements of Beatrice Johnson, and made no appearance in said action, and did not attempt to contest the same."

Defendant filed an answer, in which he set up the same facts. On motion of plaintiff, an order was entered striking the affidavit and so much of the answer as related to the paternity of the child and the fraud practiced upon the superior court of Kitsap county. September 23, 1935, an order was entered by the superior court of King county modifying the decree of divorce to the extent of requiring defendant to pay twenty-five dollars per month for the support of the child.

Thereafter, defendant filed, in a separate action in the superior court of King county, a petition in equity in which he alleged that he was not the father of the child, and that the interlocutory decree of divorce was obtained through fraud practiced upon the superior court of Kitsap county. He sought to enjoin the enforcement of the divorce decree of the superior court

of Kitsap county, as modified by the superior court of King county in its order of September 23, 1935, in so far as it established the paternity of the child and defendant's responsibility for his support. To this complaint, the court sustained a demurrer, and entered a judgment dismissing the action. By stipulation, the causes have been consolidated on appeal.

Appellant assigns as error: (1) The order striking his affidavit made in response to the show cause order issued on respondent's petition; (2) the order striking the allegations of his answer denying the paternity of the child and charging fraud in obtaining the decree of divorce; (3) rejection of his offer to prove such facts; (4) the order sustaining the demurrer to his own complaint and the order dismissing the action.

The assignments raise but the one question—the sufficiency of the facts alleged to sustain the relief asked. It is undoubtedly correct, as appellant contends, that courts will vacate a decree of divorce, when directly attacked, upon the ground of fraud. Much of the argument has been directed to the question of the timeliness of appellant's application, and whether or not it is a direct or collateral attack upon the decree of the superior court of Kitsap county. For the purposes of this decision only, we may concede that the application is a direct attack, and that it was timely made. Yet the orders appealed from must be affirmed under a well-settled rule.

Unless the public interest is involved, a collusive decree of divorce will not be set aside on the ground of fraud at the behest of one who was voluntarily a party to the collusion. 2 Bishop on Marriage, Divorce and Separation, § 1548; *Ferry v. Ferry,* 9 Wash. 239, 37 Pac. 431; *Robinson v. Robinson,* 77 Wash. 663, 138 Pac. 288, 51 L. R. A. (N. S.) 534; *Raisner v. Raisner,* 155 Wash. 52, 283 Pac. 704; *In re*

*Brigham,* 176 Mass. 223, 57 N. E. 328; *Paffen v. Paffen,* 94 N. J. E. 356, 120 Atl. 197; *Hall v. Hall,* 93 Fla. 709, 112 So. 622; *Newcomer v. Newcomer,* 199 Iowa 290, 201 N. W. 579; *Alderdyce v. Alderdyce,* 244 Mich. 290, 221 N. W. 153; *Hendricks v. Hendricks,* 216 Cal. 321, 14 P. (2d) 83. In the last cited case, the rule is stated as follows:

"If a judgment or order is the creature of extrinsic fraud, it may be vacated. Where, however, evidence of the coercion or duress or the fraud could have been presented to the court or to an attorney of the complainant's own choosing during the pendency of the action so that full examination of the facts could be made and full protection given to the rights of the parties, equity will not interfere but will leave the parties to the fraudulent transactions where they have placed themselves."

Collusion is inherent in appellant's position. In substance, if not expressly, he alleges that he agreed not to defend respondent's action for divorce if she would not fix the paternity of the child upon him. It was, in effect, an agreement to suppress evidence upon a material issue, which, if true, would have weakened, if not defeated, respondent's case. Such an agreement, under the authorities, constitutes collusion. *Squier v. Squier,* 99 Vt. 452, 134 Atl. 529; *Edleson v. Edleson,* 179 Ky. 300, 200 S. W. 625, 2 A. L. R. 689 (note at pp. 706-712).

Orders affirmed.

MILLARD, C. J., BEALS, MAIN, and HOLCOMB, JJ., concur.