JOAN BARBARA MUSCELLI, APPELLANT, v. EMILIO MUSCELLI, RESPONDENT.

No. 10384

January 10, 1980                                604 P.2d 1237

*Jolley, Urga & Wirth,* Las Vegas, for Appellant.

*Wiener, Goldwater & Waldman, Ltd.,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant argues that the district court erred in granting respondent's motion for summary judgment because questions of material fact remain. We agree.

In this action appellant seeks to set aside a divorce decree and property settlement agreement on the grounds of extrinsic fraud. Extrinsic fraud consists of fraud which prevents the opposing party from knowing its rights or defenses, or from having a fair opportunity to present them at trial. A judgment obtained by extrinsic fraud may later be set aside. Murphy v. Murphy, 65 Nev. 264, 193 P.2d 850 (1948); Lauer Et Al. v. District Court, 62 Nev. 78, 140 P.2d 953 (1943).

In reviewing a summary judgment, the record must be construed most favorably to the party against whom the judgment

has been rendered. Berge v. Fredericks, 95 Nev. 183, 591 P.2d 246 (1979). Thus construed, the record in this case discloses that respondent threatened to inflict physical violence upon appellant, to spread malicious rumors against her, and to send an adopted child back to its natural parents, and that appellant, in succumbing to this coercion, acquiesced in the property settlement terms and choice of counsel dictated by respondent.

It is contended that our decisions in Applebaum v. Applebaum, 93 Nev. 382, 566 P.2d 85 (1977), and Calvert v. Calvert, 61 Nev. 168, 122 P.2d 426 (1942), require us to affirm the summary judgment. However, both decisions rest on the premise that the complaining party had free access to an attorney of her own choosing and are, therefore, readily distinguishable.

We conclude that appellant's allegations, which are supported by sworn complaint and affidavit, are sufficient to maintain an action based on extrinsic fraud. *See,* e.g., Parke v. Parke, 242 P.2d 860 (Idaho 1952); Dennis v. Harris, 153 N.W. 343 (Iowa 1915); Burton v. Burton, 56 P.2d 385 (Okla. 1936); Chaney v. Chaney, 156 P.2d 559 (Or. 1945).

Accordingly, we reverse and remand for trial.