JEPPESON & COMPANY, a Colorado Corporation, Petitioner, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA in and for the County of Clark, and GEORGE R. MILLER, Administrator of the Estate of WILLIAM TED RILEY, Respondents.

No. 5355

September 7, 1967                         431 P.2d 260

*Dickerson & Miles,* of Las Vegas, for Petitioner.

*Keith C. Hayes,* of Las Vegas, for Respondents.

## OPINION

By the Court, THOMPSON, C. J.:

Jeppeson & Company, a foreign corporation, seeks to prohibit the further prosecution of a wrongful death action against it as a co-defendant. The petitioner contends that the district court does not have jurisdiction since the Nevada "long-arm" statute [NRS 14.080],[1] under which process was served, applies only to an action to "recover damages for injury to

---

[1]NRS 14.080 provides: "Products liability: Service of process on foreign manufacturers, producers, suppliers.

"1. Any company, firm, partnership, corporation or association created and existing under the laws of any other state, territory, foreign government or the Government of the United States, which manufactures, produces, makes, markets or otherwise supplies directly or indirectly any product for distribution, sale or use in this state may be lawfully served with any legal process in any action to recover damages for injury to person or property resulting from such distribution, sale or use in this state in the manner prescribed in this section.

"2. Service of process as authorized under the provisions of subsection 1 shall be accomplished:

"(a) By delivering a copy of such process to the secretary of state; and

"(b) By mailing to the last-known address of the company, firm, partnership, corporation or association, by registered mail return receipt requested, a copy of the summons and a certified copy of the complaint.

"3. In all cases of such service the defendant shall have 40 days, exclusive of the day of service, within which to answer or plead.

"4. This section provides an additional manner of serving process and does not invalidate any other service."

person or property," and does not embrace an action for wrongful death. The district court denied Jeppeson's motion to quash process made upon that ground and this proceeding ensued. We agree with the district court and, therefore, deny this application for a writ of prohibition.

In the underlying tort action the personal representative of William Riley, deceased, alleged that Jeppeson designed, sold, and delivered to the co-defendant, Bonanza Airlines, Inc., a defective instrument approach plate "VOR DME No. 3," thereby causing a Bonanza aircraft to crash in Nevada, killing passenger Riley.

In Metal-Matic, Inc. v. District Court, 82 Nev. 263, 415 P.2d 617 (1966), we held that the long-arm statute lawfully authorized service of process upon a foreign manufacturer of a product put into the stream of commerce with reasonable anticipation of its use in the state where injury occurred; that the cause of action in such instance arises out of a fairly expectable contact with the forum state and does not offend the due process concept of fair play and substantial justice.

Although Metal-Matic was a wrongful death case, the point of statutory construction now presented (whether NRS 14.080 was intended to embrace a wrongful death action as well as an action to recover damages for injury to person or property) was not there raised. Consequently, that opinion did not deal with the issue, although the court had it in mind when it ruled. We now hold that NRS 14.080 applies to an action to recover damages for wrongful death. The effectiveness of NRS 14.080 is not governed by whether the injured person lives or dies. The aim of the statute is process and jurisdiction; not the extent of injury. The phrase, "to recover damages for injury to person" includes an injury resulting in death.

The petition for a writ of prohibition is dismissed.

COLLINS and ZENOFF, JJ., concur.