ROBERT PECCOLE AND BARNEY PERLMAN, APPEL-LANTS, *v.* FRESNO AIR SERVICE, INC., RESPOND-ENT.

No. 5975

May 18, 1970 469 P.2d 397

*Robert N. Peccole,* of Las Vegas, for Appellants.

*McCune & Williams,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

A provision of ch. 80 NRS denies a foreign corporation transacting business in Nevada the right to bring an action in this state unless and until it files with the Secretary of State a certified copy of its charter and obtains from him a certificate authorizing it to do business in the state.[1] Fresno Air Service is a foreign corporation. It entered into an oral agreement in Nevada with Peccole and Perlman pursuant to which Fresno Air was to fly passengers from Fresno, California, to Truckee, California, where they were then to be transported by Cal-Neva Lodge to Crystal Bay, Lake Tahoe, Nevada. Fresno Air was to be paid $21 per passenger plus advertising expense. This arrangement proved unprofitable for Peccole and Perlman and they directed Fresno Air to discontinue the service. At that time they owed Fresno Air $2,975.60. In payment, they offered $2,300 in cash plus $600 in "bad checks." The bad checks were those of one of the passengers and cashed at Cal-Neva Lodge. This tender of payment was refused, and suit to recover the amount due was instituted. The district court returned judgment for Fresno Air. We are asked to set aside that judgment on the ground that Fresno Air did not qualify to do business in Nevada as a foreign corporation and may not, therefore, enjoy access to our courts.

1. It is constitutionally permissible for Nevada to impose penalties upon a foreign corporation doing business in this state without complying with our qualification statutes. Eli Lilly & Co. v. Sav-on-Drugs, 366 U.S. 276 (1961); State v. Koontz, 69 Nev. 25, 33, 240 P.2d 525 (1952). It is equally well established that Nevada may not require qualification of a foreign

---

[1]NRS 80.210 reads: "Every corporation which fails or neglects to comply with the provisions of NRS 80.010 to 80.040, inclusive, shall be subject to a fine of not less than $500, to be recovered in a court of competent jurisdiction, and shall not be allowed to commence, maintain, or defend any action or proceeding in any court of this state until it shall have fully complied with the provisions of NRS 80.010 to 80.040, inclusive." See also NRS 80.120.

corporation if its business is interstate rather than intrastate in nature. Robbins v. Shelby County Taxing District, 120 U.S. 489 (1887). Such a corporation is free to send a representative into Nevada to promote interstate trade without interference from regulations imposed by this state. Robbins v. Shelby County, supra. This is precisely what happened in the case at hand. A representative of Fresno Air came to Nevada, contacted Peccole and Perlman, and solicited the agreement which resulted. The air flights were intrastate in California, Fresno to Truckee, and promoted Fresno Air's interstate business. The solicitation of the agreement in Nevada is not doing business in this state within the contemplation of NRS 80.010. The facts of this case are to be set apart from those involved in Eli Lilly & Co. v. Sav-on-Drugs, supra, where 18 representatives of the foreign corporation were engaged in the systematic solicitation of orders in the forum state and induced local merchants to buy goods from other local merchants—a domestic business activity. Accordingly, we hold that NRS 80.210 does not deny Fresno Air access to Nevada courts.[2]

2. Peccole and Perlman also seek to avoid payment of their debt on the ground that they were acting merely as agents for a disclosed principal Pec-Man, Inc. The record amply supports the finding of the district court that the identity of Pec-Man, Inc., was unknown to Fresno Air until after this suit was commenced. When Fresno Air learned of the identity of Pec-Man, Inc., it amended the complaint to name Pec-Man a party defendant, whereupon all defendants (Peccole and Perlman, agents and Pec-Man, Inc., principal) moved to compel Fresno Air to elect which of the defendants, agents or principal, it sought to hold liable. Nesbitt v. Cherry Creek Irrigation Co., 38 Nev. 150, 145 P. 929 (1914). Fresno Air elected to proceed against Peccole and Perlman. This election did not destroy the right to recover since an agent is not absolved from liability on a contract which he has made for a partially disclosed

[2]It is worthwhile to note that for service of process jurisdiction the intrastate-interstate distinction is immaterial. Process may be effectively served on a foreign corporation if it has certain "minimum contracts" within the state such that the maintenance of a suit against it does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Metal-Matic, Inc. v. District Court, 82 Nev. 263, 415 P.2d 617 (1966); Jeppeson & Co. v. District Court, 83 Nev. 329, 431 P.2d 260 (1967).

principal. Dodge v. Blood, 300 N.W. 121 (Mich. 1941); Annes v. Carolan, 168 N.E. 637 (Ill. 1929).

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.