C. L. DAGREY KELLAR, Appellant, *v.* JAMES L. SNOWDEN, ELIZA SNOWDEN, dba JIMMY'S LIQUOR STORE; ROY A. WEISS, BERNARD E. CANTWELL, dba BERNIE'S LIQUOR STORE, CITY OF LAS VEGAS, JOSEPH SAMUEL JEFFERSON and PHILLIP L. BELL, Sr., Respondents.

No. 6269

October 5, 1971                    489 P.2d 90

*Charles L. Kellar,* of Las Vegas, for Appellant.

*John Peter Lee* and *Dale W. Beasey,* of Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

On March 19, 1963, the appellant filed a complaint against James L. Snowden and Eliza Snowden, doing business as Jimmy's Liquor Store, claiming that they had failed to repay him a loan of $7,997.69. In that complaint the appellant also charged that the Snowdens, with the intent to defraud, were attempting to sell the business to Roy Weiss, one of the respondents in this appeal.[1]

On March 27, 1968, after prolonged litigation, a judgment in the sum of $7,456.88 and costs was entered in favor of the appellant and against the Snowdens. A writ of execution was issued on February 11, 1969, and returned unsatisfied. At the time the complaint was filed, the appellant attached the liquor store property; however, Joseph Samuel Jefferson and Phillip L. Bell, Sr. were substituted by court order as sureties, and the attachment was dissolved. After the writ of execution was returned unsatisfied, the sureties did not respond for the full amount of the appellant's judgment.

---

[1]"That the Defendant, subsequent to the aforesaid agreements with Plaintiff, and without the knowledge or assent of the Plaintiff, and with the intent to defraud the Plaintiff, are negotiating with and attempting to sell, transfer or convey the business referred to in Plaintiff's First Claim for Relief, to a person or persons other than the Plaintiff, to-wit: one ROY WEISS; . . ."

On April 4, 1963, the Snowdens sold the liquor store business to Roy A. Weiss. Later, Weiss sold it to Bernard E. Cantwell, one of the respondents.

On April 25, 1969, more than six years after the filing of the original complaint, the appellant filed a supplemental complaint seeking to join as defendants the City of Las Vegas, Roy A. Weiss, and the sureties (Jefferson and Bell). By an order entered August 8, 1969, Judge William Compton granted the appellant's request to bring in the additional defendants. On August 20, 1969, the appellant filed a second supplemental complaint, naming the original defendants as well as Weiss, the City of Las Vegas, the sureties, and Cantwell, the owner of the liquor store on that date.

On September 17, 1969, the respondents Weiss and Cantwell filed a motion to dismiss upon the ground that the second supplemental complaint did not state a cause of action. The points and authorities in support of the motion brought to the court's attention that more than six years had passed since the original complaint had been filed, and alleged that the statute of limitations had run barring action against these two defendants.

The trial court specifically found that the appellant's cause of action, based on fraud in connection with the transfer of the liquor store premises, as well as any claim he may have had as a result of an alleged violation of the Bulk Sales Act, were barred.

The appellant has set forth many claims of error, all unsupported by authority, but it appears that he generally claims that the trial court erred when it found that the statute of limitations had barred any claim he might have had against Weiss and Cantwell. He further claims that the motion to dismiss was a void proceeding and the trial court erred when it entertained the same.

The appellant contends that Weiss is liable as a trustee for the amount of the judgment against the Snowdens because he failed to comply with the Bulk Sales Act.[2]

In the prayer of his second supplemental complaint, the appellant made no claim against Cantwell. He did, however, ask for a transfer to appellant of the business, the license and physical effects, and for an injunction against all named defendants, to prevent the transfer of the business to anyone but himself.

We have examined the pleadings and conclude that the

---

[2]At the time this action was commenced on March 19, 1963, the text of the Bulk Sales Act was found in NRS 98.010–98.050.

trial court acted properly when it entertained and granted the motion to dismiss filed by Weiss and Cantwell.

When the defense of the statute of limitations appears from the complaint itself, a motion to dismiss is proper. Manville v. Manville, 79 Nev. 487, 387 P.2d 661 (1963); Cf. Nevada-Douglas Co. v. Berryhill, 58 Nev. 261, 75 P.2d 992 (1938).

In Bank of Nevada v. Friedman, 82 Nev. 417, 422, 420 P.2d 1, 4 (1966), this court said: "When the complaint shows on its face that the cause of action is barred, the burden falls upon the plaintiff to satisfy the court that the bar does not exist." In a footnote to the preceding quote, it is stated that: "When the bar of limitations does not appear from the face of the complaint, that issue becomes a matter of affirmative defense to be pleaded and established by the defendant."

Here it appears on the face of the original complaint that the appellant's action, based on the allegation of fraud against Weiss and Cantwell, is barred. He did not carry his burden of satisfying the trial court that the bar did not exist, but instead merely argued that the bar of limitations did not appear on the face of the complaints and was a matter of affirmative defense to be pleaded and established by Weiss and Cantwell.

If there was indeed any fraud in connection with the sale of the liquor store business by the Snowdens to Weiss, it is alleged in the appellant's original complaint that such fraud was known to him before he filed it on March 19, 1963. If an action for relief on the ground of fraud is not commenced within three years from its discovery by the aggrieved party, it is barred. NRS 11.190(3)(d). Here the action against Weiss and Cantwell was not commenced for more than six years.

The appellant further argues that Weiss failed to comply with the Bulk Sales Act and therefor assumed the Snowden debt.

The trial court in its order did not expressly exclude matters outside the pleadings from consideration (NRCP 12(b)), and ordered and adjudged that the second supplemental complaint be dismissed.[3]

If a motion to dismiss for failure to state a claim upon which

[3]"It is, therefore, the order and judgment of this court that the motion to dismiss the second supplemental complaint against Roy A. Weiss and Bernard Cantwell be, and the same is hereby granted."

relief can be granted has been filed, and matters outside the pleading are presented to and not excluded by the trial court, the motion shall be treated as a motion for summary judgment. NRCP 12(b); Paso Builders, Inc. v. Hebard, 83 Nev. 165, 426 P.2d 731 (1967).

The unrefuted affidavit of John Peter Lee (attorney for Weiss and Cantwell) supporting the motion to dismiss stated that the sale of the liquor store business by the Snowdens to Weiss was completed on April 4, 1963. If the appellant ever had a cause of action against Weiss and his successor in interest, Cantwell, because of the alleged failure of Weiss to comply with the Bulk Sales Act, his action was barred by the statute of limitations because it was not commenced within three years of April 4, 1963. NRS 11.190(3)(a).[4]

The order and judgment of the district court is affirmed.

ZENOFF, C. J., MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.

---

[4]NRS 11.190(3)(a) (at the time these causes of action arose): "Actions other than those for the recovery of real property unless further limited by NRS 11.205, can only be commenced as follows:
"3. Within 3 years:
"(a) An action upon a liability created by statute, other than a penalty or forfeiture."