RESORT AT SUMMERLIN, L.P., Petitioner, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for THE COUNTY OF CLARK, and THE HONORABLE JAMES C. MAHAN, District Judge, Respondents, and A & B PAINTING WEST, INC., a Corporation, Real Party in Interest.

No. 36572

February 15, 2002

40 P.3d 432

*Lionel Sawyer & Collins* and *Todd M. Touton* and *Lynda Sue Mabry,* Las Vegas, for Petitioner.

*Robert L. Bachman,* Irvine, California, for Real Party in Interest.

## OPINION

*Per Curiam:*

In this original proceeding, we are asked to decide a corporate law question of first impression: Whether Nevada's "door clos-

ing'' statute, NRS 80.210, bars foreign corporations from commencing or maintaining suits in the courts of this state when those corporations have initially qualified to conduct business in Nevada pursuant to the laws of this state, yet fail to comply with the statutorily prescribed annual reporting requirements. We conclude that the express terms of NRS 80.210 do not preclude such corporations from commencing or maintaining suits in Nevada courts. Accordingly, we deny petitioner's request to issue a writ of mandamus compelling the district court to dismiss real party in interest's action.

In July 1996, plaintiff below and real party in interest herein, A & B Painting West, Inc., a California corporation, initially qualified to conduct business as a foreign corporation in Nevada. In order to qualify, A & B filed with the Nevada Secretary of State: (1) a certificate of corporate existence issued from California setting forth the articles of incorporation; (2) a certificate of acceptance of appointment of the corporation's resident agent; and (3) a general statement describing the corporation's purpose and any stock the corporation may issue.[1] A & B also paid the required fee upon qualifying to conduct business.[2]

However, in April 1999, three years after initially qualifying, A & B's qualification to conduct business in Nevada was revoked by Nevada's Secretary of State because A & B failed to file the required annual list of officers, directors and designation of resident agent.[3] A & B claims it failed to file the annual list because it had moved its place of business and never received the renewal forms.

Approximately nine months after A & B's qualification to conduct business in Nevada was revoked, A & B filed a complaint against, among others, petitioner Resort at Summerlin, L.P. (''the Resort''), in the Eighth Judicial District Court in Las Vegas. In its complaint, A & B sought, among other relief, to foreclose on a lien against the Resort's real property.[4]

Shortly after the lawsuit commenced, the Resort moved to dis-

[1]*See* NRS 80.010.

[2]*See* NRS 80.050.

[3]*See* NRS 80.110.

[4]A & B filed two complaints, one against the Resort at Summerlin and the other against Performance Contracting, Inc., seeking foreclosure on liens against each. In the first complaint, A & B sought foreclosure upon a lien in the amount of $235,479.34, alleging that it had supplied labor and material in the building of the Resort's hotel/casino, and that the Resort now refused to pay A & B for the labor and material. In its second complaint, A & B sought to foreclose on a lien in the amount of $72,818.03, alleging that it supplied labor and material under subcontract with Performance Contracting, Inc. After filing its complaints, A & B released the lien against Performance Contracting, Inc. The lien in the amount of $235,479.34 remains as a basis for A & B's complaint.

miss the complaint, arguing that because A & B was not qualified to do business in Nevada at the time it commenced suit, dismissal was proper under NRS 80.210. This statute provides that a foreign corporation "which fails or neglects to comply with the provisions of NRS 80.010 to 80.040, inclusive . . . may not commence or maintain any action or proceeding in any court of this state until it has fully complied with the provisions of NRS 80.010 to 80.040, inclusive."[5] Based on this statute, the Resort argued that the district court was obligated to dismiss A & B's complaints.

Two weeks after the Resort filed its motion to dismiss, A & B, apparently realizing its mistake, filed its annual list of officers and directors and paid all filing fees, costs, and penalties.[6] Accordingly, on June 26, 2000, the Nevada Secretary of State reinstated A & B's qualification to conduct business in Nevada.[7]

The district court, after reviewing the pleadings on file and hearing oral arguments, entered an order denying the Resort's motion to dismiss. Although the record is unclear, it appears that the district court refused to dismiss the actions because it deemed dismissal too harsh a penalty to impose on A & B simply because A & B had failed to comply with the annual filing requirements.

The Resort then filed this petition for a writ of mandamus. We may exercise our discretion to consider a writ petition challenging an order denying a motion to dismiss when an important issue of law requires clarification.[8] The Resort asks that this court order the district court to dismiss A & B's complaints because dismissal is warranted under NRS 80.210. Furthermore, the Resort asks that dismissal be with prejudice as the applicable statute of limitations has run on A & B's claims. Accordingly, in this original proceeding, we decide whether NRS 80.210 bars a foreign corporation such as A & B from bringing suit in courts of this state when the foreign corporation initially qualifies to conduct business in Nevada, yet fails to comply with Nevada's annual reporting requirements.

NRS 80.210 is Nevada's "door closing" statute, which precludes foreign corporations "doing business"[9] in Nevada that do

---

[5]NRS 80.210(1)(b).

[6]*See* NRS 80.110; NRS 80.170.

[7]*See* NRS 80.170.

[8]*Smith v. District Court,* 113 Nev. 1343, 1345, 950 P.2d 280, 281 (1997).

[9]NRS 80.015 and NRS 80.016 define what does and does not constitute "doing business" in Nevada. In the following cases, this court has analyzed whether a foreign corporation is "doing business" in Nevada so as to trigger the requirements of NRS Chapter 80. *See Sierra Glass & Mirror v. Viking Industries,* 107 Nev. 119, 124-25, 808 P.2d 512, 515 (1991) (stating that Oregon corporation's activities in Nevada, while systematic and continuous,

not comply with the provisions of NRS 80.010 to 80.040, inclusive, from bringing suit in courts of this state. In part, this statute reads:

> 1. Every corporation which fails or neglects to comply with the provisions of NRS 80.010 to 80.040, inclusive:
>
> (a) Is subject to a fine of not less than $500, to be recovered in a court of competent jurisdiction; and
>
> (b) Except as otherwise provided in subsection 2, *may not commence or maintain any action or proceeding in any court of this state until it has fully complied with the provisions of NRS 80.010 to 80.040, inclusive.*[10]

Although statutory language differs, all fifty states have comparable statutes.[11]

NRS 80.010 to 80.040 contemplate the initial filing requirements with which a foreign corporation must comply in order to qualify to conduct business in Nevada. NRS 80.010 sets forth the initial papers a foreign corporation must file with the Secretary of State, including: (1) a certificate of corporate existence; (2) a certificate of acceptance of appointment by the resident agent; and (3) a statement by an officer of the corporation as to a general description of corporate purposes and the authorized par and no par value stock. NRS 80.015 and 80.016 define what does and does not constitute "doing business" in Nevada. NRS 80.012 and 80.025 provide for reserving and modifying a corporate name. NRS 80.030 contemplates the filing of amendatory documents after qualification. Finally, NRS 80.040 requires an English translation to accompany any foreign language documents. A & B complied with these provisions to initially qualify to conduct business in Nevada. As these are the provisions applicable to NRS 80.210, NRS 80.210 is not a bar to the suit in question.

After a foreign corporation has qualified to do business in Nevada, NRS 80.110 mandates that within two months of its initial filing, the corporation must file a report with the Nevada Secretary of State listing the officers, directors and resident agent of the corporation. NRS 80.110 also requires foreign corporations

---

were not so great as to constitute "doing business" under NRS Chapter 80); *In re Hilton Hotel,* 101 Nev. 489, 492, 706 P.2d 137, 139 (1985) (stating that conducting a single piece of business—attending a convention in Nevada—does not constitute doing business). In this case, however, it is uncontested that A & B was "doing business" in Nevada.

[10]NRS 80.210(1) (emphasis added). Subsection 2 of NRS 80.210 allows foreign corporations that are otherwise barred from bringing suit to bring an action for an extraordinary remedy. Both parties concede in their briefs to this court that this provision is not at issue in this petition.

[11]*See* Joyce Yeager, *Boarders and Barriers, Definitions of Authority to Do Business as a Foreign Corporation,* 102 Com. L.J. 398, 409 n.71 (1997) (listing all fifty statutes, as well as the Model Business Corporations Act).

to annually file with the Secretary of State an updated list. Pursuant to NRS 80.110, the foreign corporation must also submit an eighty-five dollar fee along with its annual report.

NRS 80.150 sets forth the penalty for a foreign corporation if it fails to comply with the annual reporting requirement and fee schedule set forth in NRS 80.110 through NRS 80.170. In addition to a fee of fifteen dollars, a foreign corporation that fails to comply is denoted as a "defaulting corporation," "forfeit[ing] its right to transact business within this state."[12]

Once a foreign corporation is deemed to have forfeited its right to transact business in Nevada, NRS 80.170 sets forth the procedure with which a defaulting corporation must comply in order to have its qualification to conduct business in Nevada reinstated. NRS 80.170 requires a defaulting corporation: (1) to file the annual list required by NRS 80.110 and NRS 80.140; (2) to pay the annual eighty-five dollar fee required by NRS 80.110; and (3) to pay a fifty dollar "reinstatement" fee. Once a defaulting corporation has complied with these three requirements, the Secretary of State will reinstate the corporation's qualification to conduct business in Nevada.[13]

This court has recently considered our previous construction of NRS 80.210. In *Executive Management, Ltd. v. Ticor Title Insurance Co.,*[14] we overruled *League to Save Lake Tahoe v. Tahoe Regional Planning Agency's*[15] interpretation of NRS 80.210. *In League to Save Lake Tahoe,* we held that dismissal was proper when the foreign corporation was not initially qualified to do business in Nevada at the time the suit was commenced.[16] In *Executive Management,* we expressed concern with this approach, deeming dismissal to be an extraordinarily harsh penalty.[17] Thus, we determined that the more proper course of action is to have the district court stay an unqualified corporation's action until the foreign corporation qualifies.[18] We noted, however, that failure to promptly qualify could result in dismissal.[19]

In this case, A & B initially qualified to conduct business in Nevada pursuant to NRS 80.010. A & B, however, failed to com-

---

[12]NRS 80.150(2).

[13]We are not unmindful of the provision in NRS 80.170(4) that precludes reinstatement after five consecutive years of forfeiture. However, that provision does not apply here as A & B forfeited its right to transact business in Nevada for less than one year.

[14]118 Nev. 46, 52, 38 P.3d 872, 876 (2002).

[15]93 Nev. 270, 563 P.2d 582 (1977).

[16]*Id.* at 273, 563 P.2d at 583-84.

[17]*Executive Management,* 118 Nev. at 52, 38 P.3d at 875-76.

[18]*Id.* at 52, 38 P.3d at 876.

[19]*Id.*

ply with NRS 80.110, the annual filing requirements, prior to filing the underlying actions. Because A & B failed to comply with NRS 80.110, its qualification to conduct business in Nevada was forfeited. However, failure to comply with the annual filing requirements does not trigger NRS 80.210. NRS 80.210 expressly states that a foreign corporation may not maintain or commence a suit in Nevada courts if the corporation fails to comply with *"NRS 80.010 to 80.040, inclusive."* (Emphasis added.) Again, NRS 80.010 to NRS 80.040, unlike NRS 80.110, deals with the initial filing requirements with which a foreign corporation must comply in order to qualify to conduct business in Nevada. NRS 80.110, on the other hand, deals with the annual requirements a foreign corporation must comply with *after* initially qualifying to conduct business in this state. Failing to comply with the annual filing requirements set forth in NRS 80.110 does not fall within the prohibited conduct outlined in NRS 80.210. NRS 80.210 does not apply, by its express terms, to foreign corporations that fail to comply with the annual requirements set forth in NRS 80.110.

Accordingly, we deny the petition for a writ of mandamus compelling the district court to dismiss real party in interest's action.