An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IAN A. WOODS,
Appellant,
vs.
KINGS ROW TRAILER PARK; AND
BILL STEELE,
Respondents.

No. 63190

**FILED**

MAY 1 3 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court order dismissing appellant's pro se complaint as time-barred. Eighth Judicial District Court, Clark County; Rob Bare, Judge. Our review of an NRCP 12(b)(5) order of dismissal is de novo, *see Buzz Stew, LLC v. City of N. Las Vegas,* 124 Nev. 224, 228, 181 P.3d 670, 672 (2008), and, like the district court, we accept all facts in the complaint as true, construe the pleadings liberally, and draw all possible inferences in favor of the nonmoving party. *Id.; Blackjack Bonding v. Las Vegas Mun. Court,* 116 Nev. 1213, 1217, 14 P.3d 1275, 1278 (2000). Such review is rigorous: A plaintiff's "complaint should be dismissed only if it appears beyond a doubt that it could prove no set of facts, which, if true, would entitle it to relief." *Buzz Stew,* 124 Nev. at 227-28, 181 P.3d at 672.

Here, the district court construed the complaint too narrowly. Liberally read, Woods' documents state facts that, if true, may entitle him to relief for intentional infliction of emotional distress and defamation. *See Franchise Tax Bd. of Cal. v. Hyatt,* 130 Nev. ___, ___, 335 P.3d 125, 147 (2014) (articulating that the four elements of IIED are: "(1) extreme

SUPREME COURT
OF
NEVADA

(O) 1947A

15-14649

and outrageous conduct on the part of the defendant; (2) intent to cause emotional distress or reckless disregard for causing emotional distress; (3) [ ] the plaintiff actually suffered extreme or severe emotional distress; and (4) causation"); *Clark Cnty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 125 Nev. 374, 385, 213 P.3d 496, 503 (2009) (holding that defamation requires: "(1) a false and defamatory statement . . .; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages"[1] (internal quotations omitted)). The statute of limitations on these claims is two years, NRS 11.190(4)(c); *Lund v. Eighth Judicial Dist. Court*, 127 Nev. ___, ___ n.6, 255 P.3d 280, 285 n.6 (2011) (applying NRS 11.190(4)(c) to a defamation claim); NRS 11.190(4)(e), and it does not appear from the face of the complaint that this statute ran out before the complaint was filed. *Kellar v. Snowden*, 87 Nev. 488, 491, 489 P.2d 90, 92 (1971) (holding that dismissal is not appropriate unless the alleged statute of limitations bar is apparent on the face of the complaint).

But the district court was correct in its application of NRS 651.120's shorter limitations period to Woods's claims seeking to redress discrimination in public accommodations under NRS Chapter 651. NRS 11.500 does not apply. Woods voluntarily dismissed the suit that he filed in the federal district court; NRS 11.500 allows a party to recommence an action in a court having jurisdiction only where a different court dismissed

---

[1]Although Woods did not allege publication in lawyerly terms, his allegations permit an inference that Bill Steele or "Rick the Handyman" made crude comments in front of Woods' girlfriend and/or mother which, if proved, could establish publication. *See W. States Constr. v. Michoff*, 108 Nev. 931, 936, 840 P.2d 1220, 1223 (1992) ("A complaint need only set forth sufficient facts to demonstrate the necessary elements of a claim for relief . . . .").

the same action for lack of subject matter jurisdiction. Moreover, the district court did not abuse its discretion by failing to sua sponte equitably toll the statute of limitations because Woods voluntarily chose not to pursue his racial discrimination claim in the federal court. *See Seino v. Employers Ins. Co. of Nev.*, 121 Nev. 146, 152, 111 P.3d 1107, 1112 (2005) (holding that equitable tolling suspends the running of a statute of limitations when the interests of justice so require and listing the appropriate factors). Thus, because Woods filed suit in state court after the one-year statute of limitations in NRS 651.120 had expired, the district court correctly dismissed Woods' Chapter 651 claim.

Because the district court erred by dismissing Woods' complaint in its entirety based on the one-year statute of limitations in NRS 651.120, we affirm in part and reverse and remand in part. On remand, Woods may yet amend as of right under NRCP 15(a) so we need not address his appeal of the district court's asserted failure to grant him leave to amend his pleadings.

It is so ORDERED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Rob Bare, District Judge
Kemp, Jones & Coulthard, LLP
Larry C. Johns
Eighth District Court Clerk