## GIANN'OPULOS *v.* CHACHAS

No. 2751

July 5, 1927.                                      257 P. 618.

### ON MOTION TO SUSPEND APPEAL

1. EVIDENCE—JUDICIAL NOTICE.

   It is a general rule that courts cannot in one case take judicial notice of their records in another and different case.

2. EVIDENCE—JUDICIAL NOTICE.

   The supreme court would not, on appellant's motion to stay his appeal, take judicial notice of an interlocutory judgment in a connected case pending and undetermined in the lower court.

3. APPEAL AND ERROR—MOTION TO SUSPEND.

   The supreme court would overrule appellant's motion to suspend and stay his appeal in the absence of competent evidence to support it.

### C. J.–CYC. REFERENCES

APPEAL AND ERROR—4 C. J. sec. 2475, p. 621, n. 87 (new).
EVIDENCE—23 C. J. sec. 1920, p. 113, n. 40.

APPEAL from Ninth Judicial District Court, White Pine County; *C. J. McFadden,* Judge.

Action by Jim Giannopulos against Angelo Chachas. On defendant's motion to suspend and stay his appeal from an order denying a new trial. **Motion denied.**

*Chandler & Quayle,* for Appellant.

*V. H. Vargas,* for Respondent.

## OPINION

By the Court, SANDERS, C. J.:

This case is before us upon the appellant's motion for an order to suspend and stay his appeal taken from an order denying his motion for a new trial in this cause.

Appellant stated in his notice of motion that upon the hearing thereof he would rely upon the record on appeal and also upon a certified transcript of certain portions of the record in the case of Jim Giannopulos v. Angelo Chachas, Gust Chachas, and Gust Kippos. The particular portions of the record so certified consist of the

pleadings and an interlocutory judgment entered in that case after the appeal herein had been taken, referring the case to a referee for an accounting of the dealings and transactions between the parties (plaintiff and defendants) as copartners.

To follow the arguments of counsel for and against the allowance of the motion would involve the consideration of the merits of the appeal, and to avoid this we shall confine ourselves to what is considered by us to be the real question presented for determination, which is, can this court consider in support of the motion an interlocutory judgment in another and different case pending and undetermined in the court below?

1. It is a general rule that courts cannot in one case take judicial notice of their records in another and different case, even though the cases are connected. 16 Cyc. 918; 23 Corpus Juris, 113. But it is held that the general rule is not so inflexible in its application that under no circumstances can judicial notice be invoked by a showing outside the record. Sewell v. Johnson, 165 Cal. 762, 134 P. 704, Ann. Cas. 1915B, 645.

2. The argument of counsel for appellant fails to satisfy us that we can, on this motion, so relax the rule as to consider an interlocutory judgment in a case pending and undetermined in the lower court, even though the cases are connected. To do so would not only violate, but would abrogate the rule.

3. We are of opinion that the motion is not supported by any competent evidence, and we shall for that reason deny the motion,

Motion denied.

COLEMAN, J., concurring:

I concur in the order. That another action is pending between the same parties for the same cause is a ground of demurrer. Where the point cannot be raised by demurrer, it may be raised by answer. Certainly no one can be mulcted twice for the same matter. Since the defendant has a method whereby he may fully protect himself in the second cause of action, and no good reason

appearing therefor, the stay should not be granted. The lower court is in a much better position to determine the question than are we.

DUCKER, J.: I concur.