268 F.2d 61
 Leslie M. SIBERELL, on Behalf of Himself and His Co-Defendants, Oliver D. Siberell, James P. Siberell, Martha E. Jones, Daisy M. Bishop, and Mabel Robson, Appellants.
v.
UNITED STATES of America, Appellee.
 No. 16215.
 United States Court of Appeals Ninth Circuit.
 June 9, 1959.
 Rehearing Denied August 18, 1959.
 
 J. B. Tietz, Los Angeles, Cal., for appellants.
 Perry W. Morton, Asst. Atty. Gen., S. Billingsley Hill, Walter B. Ash, George Swarth, Attorneys, Department of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Herbert M. Weiser, Asst. U. S. Atty., Los Angeles, Cal., for appellee.
 Before CHAMBERS, HAMLEY, and JERTBERG, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellants appeal from an order of the district court filed June 4, 1958, denying their motion to vacate a portion of a judgment entered November 1, 1957, awarding compensation for a mining claim condemned by the United States. The mining claim designated in the condemnation proceedings as Parcel 481 is located in San Bernardino County, State of California.
 
 
 2
 The appellants, brothers and sisters, are the heirs at law of their mother, Minnie V. Siberell, and received their interest in the property by operation of law on her death. The date of her death does not appear in the record, nor does it appear when she acquired an interest in said mining claim. The mother's claim to an interest in said mining claim appeared of record in the Recorder's Office of the County of San Bernardino under her correct name of Minnie V. Siberell.
 
 
 3
 The transcript of record before us discloses that on April 19, 1956, pursuant to Rule 71A, Federal Rules of Civil Procedure, 28 U.S.C.A., the United States filed a certificate for service by publication, listing Minnie V. Liberell as one of the defendants who could not be personally served in the action, because after diligent inquiry within the State of California her place of residence could not be ascertained. Accordingly, on May 22, 1956, the United States filed a certificate of publication stating that it had caused publication once a week for three consecutive weeks in a newspaper of general circulation printed and published in the County of San Bernardino, State of California, of the notice of filing of the complaint and amended complaints in the condemnation proceedings. Listed in these publication notices as one of the persons having an interest in the mining claim was Minnie V. Liberell.
 
 
 4
 At the hearing to determine just compensation held on July 22 and 23, 1957, the United States presented evidence as to the value of said parcel. No person claiming an interest in this parcel entered an appearance. Leslie M. Siberell, one of the appellants, admittedly was informed on July 22, 1957 that the trial of the condemnation action involving the mining claim was in progress.
 
 
 5
 Findings of fact, conclusions of law, and judgment and decree fixing compensation were lodged October 22, 1957. The judgment fixed just compensation for the taking of said parcel in the sum of $100.00, and determined that Minnie V. Siberell (sued as Minnie V. Liberell) was one of the persons entitled to the payment of such compensation. The record contains affidavit of mailing showing that on October 22, 1957 copy of the findings of fact, conclusions of law, and judgment and decree fixing compensation were mailed to Leslie M. Siberell, one of the appellants, directed to his Los Angeles address.
 
 
 6
 Appellants entered no appeal from the judgment of November 1, 1957, nor did they seek to postpone the entry of judgment or move for a new trial.
 
 
 7
 Appellants' motion to vacate the judgment was filed on May 8, 1958, and was supported by the affidavit of Leslie M. Siberell, one of the appellants, and the affidavit of John G. Freeman. Following a hearing on the motion on May 26, 1958, the same was denied by an order filed June 4, 1958.
 
 
 8
 The appellants do not in any way attack the jurisdiction of the court either over the subject matter or over the person, but contend that the showing made on the motion constituted an adequate showing for relief under Rule 60 of the Federal Rules of Civil Procedure, and that the district court abused its discretion in denying the relief appellants sought.
 
 
 9
 It is well settled that a motion to vacate a judgment is addressed to the sound legal discretion of the trial court and its determination will not be disturbed except for an abuse of discretion. Kolstad v. United States, 1959, 9 Cir., 262 F.2d 839. After a careful review of the transcript of record including the affidavits, we are unable to say that the district court abused its discretion in denying appellants' motion. The order of the district court is affirmed.