DOROTHY SAVAGE, AKA DOROTHY REINDERS AND DOROTHY MECUM, APPELLANT, v. ALBERTA M. SALZMANN AND ELSIE K. GIVENS, CO–ADMINISTRATRICES OF THE ESTATE OF BERNARD HENRY TEUSCHER, DECEASED, RESPONDENTS.

No. 6672

March 30, 1972 495 P.2d 367

*Byron K. Meredith* and *Samuel B. Francovich,* of Reno, for Appellant.

*Laub, Clark, Puzey & Lane* and *Dennis R. Haney,* of Reno, for Respondents.

## OPINION

*Per Curiam:*

On January 22, 1969, respondents Salzmann and Givens, co-administratrices of the Estate of Bernard Henry Teuscher, obtained a default judgment in a separate action against appellant Savage. On May 19, 1970, appellant filed suit to set aside that default judgment. Her complaint alleged that it was filed pursuant to NRCP 60(b) which provides that an independent action may be brought to set aside a judgment for fraud upon the court. The complaint further alleges that "prior to the entry of said default judgment the parties hereto had

entered into an oral agreement which, if observed, would have obviated the judgment." It was also alleged that the oral agreement had operated to lull the plaintiff into inactivity so that some unconscionable advantage would be gained by respondents. No particular facts were pleaded.

Respondents moved to dismiss the complaint on the grounds that the default judgment obtained in the prior action operated as res judicata and that plaintiff was estopped from raising her contentions since she had failed to act within six months following the entry of the original default judgment. The lower court entered judgment dismissing appellant's action with prejudice. The sole issue raised on appeal is whether the lower court erred in rendering its judgment of dismissal with prejudice.

NRCP 60(b) expressly states that it does not "limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court." The purpose of this part of the rule is to afford relief upon proof of extrinsic fraud, and the normal six month limitation of Rule 60(b) has no application. Manville v. Manville, 79 Nev. 487, 387 P.2d 661 (1963). Relief from intrinsic fraud, under NRCP 60(b), must be sought not later than six months after the decree was entered.

Extrinsic fraud is defined as fraud by reason of which "there was, in fact, no adversary trial or decision of the issue in the case; where there has never been a real contest in the trial or hearing of the case." Villalon v. Bowen, 70 Nev. 456, 469, 273 P.2d 409 (1954), citing United States v. Throckmorton, 98 U.S. 61 (1878). "Extrinsic fraud has been held to exist when the unsuccessful party is kept away from the court by a false promise of compromise, or such conduct as prevents a real trial upon the issues involved, or any other act or omission which procures the absence of the unsuccessful party at trial. Further, it consists of fraud by the other party to the suit, which prevents the losing party either from knowing about his rights or defenses, or from having a fair opportunity of presenting them upon the trial." Murphy v. Murphy, 65 Nev. 264, 271, 193 P.2d 850 (1948), quoted with approval in Colby v. Colby, 78 Nev. 150, 369 P.2d 1019 (1962).

In this case, appellant's complaint alleged that the parties had entered into a prior agreement which would have obviated the default judgment and that she had relied upon this agreement. Hence, appellant has alleged facts which if proved would

support a finding of extrinsic fraud. However, appellant has failed to comply with NRCP 9(b) which provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Appellant has, without evidence or affidavit, merely contended that an oral agreement existed between herself and the respondents prior to the default judgment. In the absence of a showing of the oral agreement, including its terms, and because respondents have categorically denied the existence of the agreement, such a contention is not sufficient against a motion to dismiss. Garteiz v. Garteiz, 70 Nev. 77, 254 P.2d 804 (1953); Mazour v. Mazour, 64 Nev. 245, 180 P.2d 103 (1947).

Even if the district court was correct in granting the motion to dismiss, the action should not have been dismissed with prejudice. Respondents' motion to dismiss did not apprise appellant of the fact that her complaint was subject to dismissal for failure to state a cause of action. If it had, appellant could have requested leave to amend her complaint. A failure to plead with sufficient particularity does not warrant a dismissal of the action with prejudice.

Accordingly, the judgment of dismissal is reversed, and the action is remanded to the district court with instructions to afford appellant the opportunity to plead with sufficient particularity the circumstances constituting the alleged fraud.