The GOODYEAR TIRE & RUBBER COMPANY, Plaintiff-Appellant,

v.

H. K. PORTER COMPANY, Defendant-Appellee.

No. 75–1637.

United States Court of Appeals, Sixth Circuit.

Aug. 25, 1975.

William D. Ginn, Leslie W. Jacobs, Thompson, Hine & Flory, Cleveland, Ohio, Paul L. Ahern, Wolf, Hubbard, Leydig, Voit & Osann, Chicago, Ill., for defendant-appellant.

Laurence E. Oliphant, Jr., Squire, Sanders & Dempsey, Cleveland, Ohio, Lawrence F. Scinto, Fitzpatrick, Cella, Harper & Scinto, New York City, for plaintiff-appellee.

Before WEICK, LIVELY and ENGEL, Circuit Judges.

PER CURIAM.

In November 1965, H. K. Porter Company, Inc. commenced an action in the United States District Court for the Northern District of Ohio (No. C65–752) in which the Goodyear Tire and Rubber Company was defendant, alleging infringement of certain patents. Judgment was entered on August 1, 1969 determining that the patents in issue were valid and that they had been infringed by Goodyear. This court affirmed, *Porter v. Goodyear*, 437 F.2d 244 (1971). Thereafter Goodyear filed a motion in the district court under Rule 60(b), Fed.R. Civ.P., alleging that the judgment in favor of Porter had been obtained by fraud. At the same time a petition for rehearing was filed in this court. Thereafter rehearing was denied and the district court denied the motion of Goodyear under Rule 60(b). The Supreme Court of the United States denied certiorari. 404 U.S. 885 (1971).

Subsequently, while the district court was considering a Special Master's Report on the accounting issue, Goodyear filed its second motion under Rule 60(b), again alleging that fraud had been practiced on the court by Porter. At approximately the same time Goodyear filed an action in the United States District Court for the District of Colorado seeking to attack the judgment of infringement rendered by the United States District Court for the Northern District of Ohio and affirmed by this court. This independent action set forth the same claim of fraud as the two motions previ-

ously filed in the Northern District of Ohio pursuant to Rule 60(b). On August 12, 1974, the action pending in the District of Colorado was transferred to the Northern District of Ohio by agreement of the parties and was docketed as an independent action No. C74–735. Goodyear moved to consolidate the transferred case with the 1965 action, and Porter moved to dismiss the transferred case.

Noting that it found itself "in the absurd position of having a separate action attacking a judgment in a case in which is pending a motion attacking the judgment, with both the independent action and the motion raising the same grounds for relief . . .," the District Judge held that the two identical proceedings were duplicitous. Accordingly, the independent transferred action, No. C75–735, was dismissed without prejudice.

Goodyear has now appealed to this court from the dismissal of No. C74–735 and Porter has filed a motion to affirm the judgment or dismiss the appeal pursuant to Rules 8 and 9 of the Rules of the Sixth Circuit. Upon examination of the record before this court, it appears that following the transfer of the independent action from the District Court for Colorado to the Northern District of Ohio there were pending in the latter court two separate attacks on a single judgment based on identical allegations of fraud. Under these circumstances it was within the discretion of the district court to dismiss the independent transferred action without prejudice since the issues raised therein remained before the court for decision pursuant to Rule 60(b). The last sentence of Rule 60(b), Fed.R. Civ.P., provides that "the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules *or by an independent action.*" (emphasis added) Having chosen to raise the issues which it claims entitle it to relief from the judgment in No. C65–752 by way of a motion under Rule 60(b), Goodyear did not have available to it the right also to proceed for the same relief in an independent action.

This matter having been considered by a panel of the court designated pursuant to Rule 3(e), Rules of the Sixth Circuit, it is concluded that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument. Rule 8, Rules of the Sixth Circuit.

The judgment of the district court is affirmed.