JOE OCCHIUTO, APPELLANT, v. GRACE OCCHIUTO, RESPONDENT.

No. 12340

March 25, 1981                                    625 P.2d 568

---

[1]The Governor designated The Honorable Llewellyn A. Young, Judge of the Sixth Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6 § 4.

*Embry & Shaner, Patricia A. Trent,* Las Vegas, for Appellant.

*Nitz, Schofield & Nitz,* Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

Appellant and respondent were divorced in February, 1977. Incorporated into the divorce decree was a property settlement agreement distributing several parcels of real property and some personal property. Pursuant to the terms of that agreement, appellant executed several quit claim deeds in favor of respondent.

Several months after the entry of the judgment of divorce, the parties reconciled, resumed cohabitation and held themselves out as husband and wife. They never remarried, but lived together until May, 1979.

In June, 1979, appellant filed a motion to modify the 1977 divorce decree insofar as it related to the division of the community property of the parties. This motion to modify the divorce decree was denied on July 19, 1979, and no appeal was taken.

On September 6, 1979, appellant filed a complaint alleging four causes of action. Respondent moved to dismiss on the grounds that: (1) the action was barred by the doctrine of *res judicata,* (2) by appellant's failure to institute suit within six months after entry of judgment as required by NRCP 60(b), and (3) that the complaint alleged no extrinsic fraud. Attached to the motion was an uncertified copy of the decree of divorce entered in February, 1977.

This appeal is from the district court's order entered on October 25, 1979, dismissing appellant's complaint with prejudice. The order did not state the reason(s) for the dismissal.

Appellant contends that the trial court erred when it (1) took judicial notice of the parties' first divorce proceedings, (2) applied the doctrine of *res judicata,* (3) found this action barred by the six-month limitation of NRCP 60(b)(2), and (4) allowed the Statute of Frauds as it relates to marriage contracts to support dismissal of appellant's causes of action.[1]

Appellant initially contends that it was error for the district court to consider respondent's motion under NRCP 12(b) instead of a motion for summary judgment (NRCP 56) because the court took judicial notice of the parties' prior divorce proceeding. A judge or court may take judicial notice whether requested or not. NRS 47.150. It is a general rule that courts should not take judicial notice of their records in another and different case, even though the cases are connected, but this rule is not so inflexible in its application that under no circumstances can judicial notice be invoked to take cognizance of the record in another case. Giannopulos v. Chachas, 50 Nev. 269, 257 P. 618 (1927). The close relationship between this case and the previous divorce proceeding brings it within the exception to the general rule and justifies the district court taking judicial notice of the prior proceedings. *See* In re adoption of K., 417 S.W.2d 702 (Mo.App. 1967).

Upon the authority of Manville v. Manville, 79 Nev. 487, 387 P.2d 661 (1963) (the six-month limitation has no application when extrinsic fraud is alleged), and Savage v. Salzmann, 88 Nev. 193, 495 P.2d 367 (1972) (upon proof [allegation] of extrinsic fraud the normal six-month limitation of NRCP 60(b) has no application), we hold that the district

---

[1]While the motion to dismiss does not include a fourth claim, the memorandum of points and authorities attached to respondent's motion includes the claim that the action is barred by NRS 123.270, the Statute of Frauds regarding marriage contracts.

court's dismissal of appellant's first two causes of action was error and reverse.[2]

Although appellant has not stated the claimed fraud with particularity and thus has failed to comply with NRCP 9(b)[3] upon the authority of Savage v. Salzmann, *supra,* "A failure to plead with sufficient particularity does not warrant a dismissal of the action with prejudice".

We need not address the issue of *res judicata,* but we must determine whether appellant's remaining causes of action state a claim upon which relief may be granted. NRCP 12(b)(5). We perceive that they do not.

---

[2]This court's interpretation of "fraud", as that term is used in NRCP 60(b)(2), and the term "fraud upon the court", also used in NRCP 60(b), is completely out of step with the treatment afforded those same terms by the federal courts in their interpretation of the Federal Rules of Civil Procedure 60(b). This difference can hardly be justified by the fact that the word "fraud" in FRCP 60(b)(3) is followed by the words "(whether heretofore denominated intrinsic or extrinsic)".

Federal cases construing FRCP 60(b) make it clear that "fraud upon the court" under the savings clause is distinguishable from "fraud . . . misrepresentation, or other misconduct" under FRCP 60(b)(3).

In United States v. International Telephone & Tel. Corp., 349 F.Supp. 22, 29 (D.Conn. 1972), aff'd without opinion, 410 U.S. 919, (1973), the trial court explained:

> Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944); Root Refin. Co. v. Universal Oil Products, 169 F.2d 514 (3d Cir. 1948); 7 J. W. Moore, Federal Practice, ¶ 60.33 at 510-11. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it will not ordinarily rise to the level of fraud on the court. See Kupferman v. Consolidated Research & Mfg. Co., 459 F.2d 1072 (2d Cir. 1972); see also England v. Doyle, 281 F.2d 304, 310 (9th Cir. 1960).

"[I]n order to set aside a judgment or order because of fraud upon the court under Rule 60(b) . . . it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." England v. Doyle, *supra,* 281 F.2d at 309. *See also* United States v. Standard Oil Co. of California, 73 F.R.D. 612, 615 (N.D.Cal. 1977).

The motion to set aside on this ground is addressed to the sound discretion of the trial court. Title v. United States, 263 F.2d 28 (9th Cir. 1959); Siberell v. United States, 268 F.2d 61 (9th Cir. 1959). And the burden is on the moving party to establish fraud by clear and convincing evidence. Atchison, Topeka & Santa Fe Railway Co. v. Barrett, 246 F.2d 846 (9th Cir. 1957). England v. Doyle, 281 F.2d 304, 309-310 (9th Cir. 1960).

[3]NRCP 9(b) provides:

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

In the remaining causes of action there are no allegations that any of the conduct of the parties was either done or withheld in contemplation of marriage and for that reason neither NRS 123.270[4] or NRS 111.220(3) bear upon this case.

Other than his allegations of fraud, the entire thrust of appellant's complaint is his contention that respondent orally agreed that upon any subsequent separation, she would reconvey to him one-half of her real property.

The law of this state specifically precludes the creation of any interest in land except by a properly executed written instrument. NRS 111.205(1).[5]

The case is remanded to the district court with intructions to afford appellant an opportunity to plead his first two causes of action with sufficient particularity. Savage v. Salzmann, *supra.*

That part of the order of the district court dismissing appellant's third and fourth causes of action with prejudice is affirmed.

GUNDERSON, C. J., and MANOUKIAN and MOWBRAY, JJ., and YOUNG, D. J.,[6] concur.

---

[4]NRS 123.270 provides:

All marriage contracts or settlements must be in writing, and executed and acknowledged or proved in like manner as a conveyance of land is required to be executed and acknowledged or proved.

[5]NRS 111.205(1) provides:

No estate or interest in lands, other than for leases for a term not exceeding 1 year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall be created, granted, assigned, surrendered or declared after December 2, 1861, unless by act or operation of law, or by deed or conveyance, in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized in writing.

[6]The Governor designated The Honorable Llewellyn A. Young, Judge of the Sixth Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6 § 4.