NANCY FULLERTON, Appellant, *v.* ROSE MARIE ROG-
ERS, Executrix of the Estate of JAMES M. DIMI-
TROFF, Respondent.

No. 16035

July 11, 1985                                   701 P.2d 1020

[Rehearing denied September 24, 1985]

*Bill C. Hammer,* Las Vegas, for Appellant.

*Moran, Kennedy & Weinstock,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant Fullerton appeals from an order dismissing a will
contest after probate. The dismissal was based on the trial court's
conclusion that Fullerton had not made a timely response under
NRS 137.080 and had not properly supported her allegations of
fraud. Fullerton concedes that under NRS 137.080 parties con-
testing a will must do so within three months after the admission
of the will to probate.[1] She asserts, however, that extrinsic fraud

---

[1]NRS 137.080 provides:

When a will has been admitted to probate any interested person other
than a party to a contest before probate and other than a person who had

on the part of the executrix provides a legal reason why she should be immune from the three-month limitation in the statute. We agree.

■■■■■■■

Extrinsic fraud is used to toll other statutory time limits. Occhiuto v. Occhiuto, 97 Nev. 143, 625 P.2d 568 (1981) (extrinsic fraud used for relief from NRCP 60(b)); *see also* Savage v. Salzmann, 88 Nev. 193, 495 P.2d 367 (1972). There is no reason why extrinsic fraud cannot be used to toll the time limits imposed by NRS 137.080.

Fullerton first objected on March 15, 1984, to probate of the will, approximately two months after the statutory three-month period expired. At that time she alleged, through affidavit of counsel, that she was prevented from previously contesting the will due to extrinsic fraud of the executrix. The court was unwilling to entertain the affidavit since it was from Fullerton's attorney and not from Fullerton herself. It took Fullerton four months to compile the requisite documents to prove the invalidity of the will. When she appeared in court in July, the court should have entertained her petition.

■■■■■■■

It appears from the record that Fullerton contends that the will admitted to probate was procured by fraud and that another will, different from the one probated, may be the true last will and testament of the decedent. Under the circumstances of this case we conclude that the issues presented should be litigated and that the district court erred in dismissing the contest for the grounds and in the manner appearing in the record.

This case is reversed and remanded for a hearing on the merits of the will contest.

---

actual notice of such previous contest in time to have joined therein, may, at any time within 3 months after admission of such will to probate, contest the same or the validity of the will. For that purpose he must file in the court in which the will was proved a petition in writing, duly verified, containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate be revoked.