## ALICIA A. MURPHY, Appellant, v. CHARLES F. MURPHY, Respondent.

### No. 17631

March 31, 1987 · · · · · · · · · · · · · · 734 P.2d 738

*Stanley W. Pierce,* Las Vegas, for Appellant.

*Marilyn V. Romanelli,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Charles Murphy was granted a divorce in mid-1985. He was awarded the entirety of the parties' community property, except a twelve-year-old automobile. Nearly a year later, Alicia Murphy moved to set aside the property distribution. She alleged that

Charles had threatened to kill her if she sought any further property, so that she was afraid to litigate the issue. She also claimed that she was not represented by counsel at the time, and that her motion was made after her first subsequent contact with counsel. A domestic relations referee heard the matter and concluded that the court lacked jurisdiction because more than six months had elapsed since entry of the decree. The trial court, adopting that conclusion, dismissed the motion. We reverse.

The six-month limitation on allegations of fraud is inapplicable to fraud upon the court. Savage v. Salzmann, 88 Nev. 193, 195, 495 P.2d 367, 368 (1972). Jurisdiction to remedy fraud upon the court is inherent. Further, the court can proceed even in the absence of further action by a party, Kupferman v. Consolidated Research & Mfg. Corp., 459 F.2d 1072, 1074 n. 1 (2d Cir. 1972). Alicia styled her allegations as exposing a fraud upon the court, and her motion is cognizable on that basis. Fraud upon the court consists of, *inter alia*, "such conduct as prevents a real trial upon the issues involved," *Savage, supra*, 88 Nev. at 195, 495 P.2d at 368. In certain older decisions holding that threats of this nature were not a proper basis for relief, we relied heavily on the fact that the aggrieved party was represented by counsel. Mazour v. Mazour, 64 Nev. 245, 180 P.2d 103 (1947); Calvert v. Calvert, 61 Nev. 168, 122 P.2d 426 (1942). Thus, those cases are distinguishable and Alicia has stated a proper claim.

The language of NRCP 60(b), however, is ambiguous as to whether Alicia may proceed by motion or must bring an independent action to set aside the property division. We conclude that the better reading allows motion practice, for two reasons. First, a contrary reading renders unnecessary the provision dealing with fraud upon the court; NRCP 60(b) already allows an independent action to set a decree aside on any cognizable basis. Second, if a court can proceed *sua sponte*, we perceive no reason to limit the avenues by which the court's attention may be directed to the fraud. Therefore, we hold that appellant's choice to proceed by motion was not inappropriate. *Accord* Goodyear Tire & Rubber Co. v. H. K. Porter Co., 521 F.2d 699 (6th Cir. 1975); *Kupferman, supra;* Taft v. Donellan Jerome, Inc., 407 F.2d 807 (7th Cir. 1969). It follows that the order of dismissal must be reversed and the cause remanded for further proceedings.