An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO: A.O.

No. 60387

DAWN O.,
Appellant,
vs.
MELISSA O.,
Respondent.



FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a petition to terminate appellant's parental rights as to her minor child. Ninth Judicial District Court, Douglas County; David R. Gamble, Judge.

On appeal, appellant first contends that the district court erred in taking judicial notice of matters filed in the preceding guardianship case, in which respondent was appointed the child's permanent guardian. Appellant argues that the court improperly used evidence in the guardianship matter to make factual determinations concerning appellant's parental unfitness in the termination case.

Having reviewed the record, we conclude that the district court did not err in taking judicial notice of matters in the guardianship case. Initially, we note that at the beginning of the termination hearing, appellant's counsel stated on the record that he did not object to judicial notice of the guardianship proceeding, with the exception of findings in the guardianship case regarding appellant's parental unfitness. See Matter of Parental Rights as to T.M.C., 118 Nev. 563, 569, 52 P.3d 934, 938 (2002) (recognizing that failure to object to an asserted error in the trial court generally bars appellate review). To the extent that appellant's counsel objected to judicial notice of a finding of parental unfitness in the guardianship matter, the district court specifically stated that it would not have any preclusive effect in the termination case and would not excuse

 

13-07815

respondent from proving parental unfitness if she asserted that ground for termination. See NRS 128.105(2)(c). At the termination hearing, respondent presented evidence of appellant's parental unfitness, independently of any finding in the guardianship matter. Additionally, because the guardianship matter was so closely related to the termination case and was heard by the same judge, we conclude that judicial notice was proper. See Occhiuto v. Occhiuto, 97 Nev. 143, 145, 625 P.2d 568, 569 (1981) (allowing judicial notice of a prior proceeding where the cases are closely related).

Appellant also contends that the district court's parental termination order contains only a summary statement that the child's best interest is served by termination, but does not contain any specific factual findings regarding the child's best interest. Appellant argues that termination is not in the child's best interest because she has already lost her father and terminating her relationship with her mother will likely erode the child's relationship with her remaining natural family members.

In terminating parental rights, the district court must find by clear and convincing evidence that termination is in the child's best interest and that at least one factor of parental fault exists. NRS 128.105; Matter of Parental Rights as to N.J., 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). The district court's decision, in either the written order or oral pronouncement, cannot merely recite the statutory grounds for termination, but must contain specific factual findings to support the decision. In re Parental Rights as to C.C.A., 128 Nev. ___, ___, 273 P.3d 852, 854 (2012). This court will uphold the district court's termination order if it is supported by substantial evidence. Matter of Parental Rights as to D.R.H., 120 Nev. 422, 428, 92 P.3d 1230, 1234 (2004).

In the written order, the district court found that the child's best interest can only be served by terminating appellant's parental

Supreme Court
OF
Nevada

(O) 1947A

rights. The district court stated that the child "has, at the hands of her mother, had a childhood which no human should have." The district court specifically found that appellant's conduct toward the child was cruel and abusive, in that appellant played a role in the murder of the child's father by appellant's boyfriend and allowed the boyfriend thereafter to live with her and child. The district court further found that appellant engaged in the excessive use of alcohol rendering her unable to care for the child. In particular, appellant suffered from severe addiction to alcohol, made multiple suicide attempts, and had repeated arrests and incarcerations relating to assaults on family members and driving under the influence. Additionally, appellant was convicted in 2011, of allowing a child to be present during the commission of a controlled substance violation, which involved the use of her teenage daughter in the sale of a controlled substance.

We conclude that the district court's decision contains factual findings that termination of appellant's parental rights is in the child's best interest. Further, having reviewed the appellate record, we conclude substantial evidence supports the district court's decision that termination of appellant's parental rights was warranted. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Pickering

_____, J.
Douglas

_____, J.
Saitta

cc:     Ninth Judicial District Court Dept. 1
        Matthew D. Ence, Attorney & Counselor at Law
        Kathleen B. Kelly
        Douglas County Clerk