An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RONALD KWAME GAINES,
Appellant,
vs.
IDA MAE GAINES,
Respondent.

No. 60591

**FILED**

OCT 17 2013

TRAGIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order dismissing a tort action. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

This appeal arises from a civil action initiated by appellant stemming from the probate of his father's estate. Specifically, appellant brought claims against respondent, his stepmother, alleging that she failed to comply with NRS 155.010, which requires notice of a probate hearing to be provided to interested parties, and NRS Chapter 134, which controls the distribution of a decedent's separate property. As a result, appellant requested an equal division of his father's estate and an award of damages for the emotional and mental stress and anguish he suffered as a result of respondent's failure to comply with statutory provisions during the probate of his father's estate. The district court dismissed the

13-31282

action, concluding that it lacked jurisdiction over appellant's efforts to challenge the probate of his father's estate and that, regardless, appellant failed to state a claim for which relief could be granted. On appeal, appellant argues that the district court improperly dismissed his action, as respondent's conduct in the probate matter amounted to a civil tort.

Because neither NRS 155.010 nor NRS Chapter 134 establish an independent cause of action for failure to comply with the requirements of those chapters, *see Richardson Constr., Inc. v. Clark Cnty. Sch. Dist.*, 123 Nev. 61, 65, 156 P.3d 21, 23 (2007) (explaining that "when a statute does not expressly provide for a private cause of action, the absence of such a provision suggests that the Legislature did not intend for the statute to be enforced through a private cause of action"), and appellant seemingly sought to address what he saw as procedural errors in the probate court's handling of his father's estate by filing an entirely new complaint in the district court, we conclude that the district court did not err in concluding that appellant failed to state a claim upon which relief could be granted. *See Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (providing that this court rigorously reviews orders dismissing an action, and as such, accepts all factual allegations in the complaint as true and draws all inferences in favor of appellant); *see also* NRCP 60(b) (allowing a party to challenge a judgment or order within the same action, within six months, when the party believes the judgment or order was improperly entered); *Savage v. Salzmann*, 88 Nev. 193, 195, 495 P.2d 367, 368 (1972) (explaining that while NRCP 60(b) does not prevent a party from bringing an independent

SUPREME COURT
OF
NEVADA

(O) 1947A

action for relief from a judgment or order, such independent action will only be entertained if there is proof of extrinsic fraud). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Joanna Kishner, District Judge
     Ronald Kwame Gaines
     McFarley Law Group
     Eighth District Court Clerk

---

[1]While appellant also argues that the district court erred in denying his motion for transportation of an inmate, the record demonstrates that the motion did not comply with the district court's rules, and was thus properly denied. *See* EDCR 2.20(b)-(c) (requiring that all motions must be accompanied by a notice of the motion and a memorandum of points and authorities supporting the motion).

In light of this order, we deny as moot all requests for relief currently pending in this appeal.