An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

CARLOS ALONSO SALCIDO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63989

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal under NRAP 4(c) from an amended judgment of conviction entered pursuant to a jury verdict of assault with a deadly weapon; attempted murder with the use of a deadly weapon with the intent to promote, further, or assist a criminal gang; battery with the use of a deadly weapon with the intent to promote, further, or assist a criminal gang; robbery with the use of a deadly weapon; battery with the use of a deadly weapon; and carrying a concealed firearm or other deadly weapon. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

*Cripps violation*

Appellant Carlos Alonso Salcido claims that the district court committed reversible error by participating in the plea negotiation process in violation of *Cripps v. State*, 122 Nev. 764, 137 P.3d 1187 (2006). Salcido argues that the district court went beyond merely indicating whether it would follow the parties' sentencing recommendation if a plea agreement were reached by issuing a clear warning that he should expect to receive consecutive sentences if he was convicted by a jury. And Salcido asserts

14-23772

that the district court's involvement in the plea bargain process left him in "a state of coercive confusion."

Salcido did not preserve this issue for appellate review, *see id.* at 772, 137 P.3d at 1192 (it is defendant's responsibility to ensure that "any alleged errors [are] properly preserved for appellate review"), so we review for plain error, *see* NRS 178.602; *Gallego v. State,* 117 Nev. 348, 365, 23 P.3d 227, 239 (2001) (reviewing unpreserved claims for plain error), *abrogated on other grounds by Nunnery v. State,* 127 Nev. ___, ___ n.12, 263 P.3d 235, 253 n.12 (2011). "In conducting plain error review, we must examine whether there was error, whether the error was plain or clear, and whether the error affected the defendant's substantial rights." *Green v. State,* 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (quotation marks omitted). "[T]he burden is on the defendant to show actual prejudice or a miscarriage of justice." *Id.*

The record reveals that Salcido rejected the State's plea offer prior to trial; the district court canvassed Salcido regarding the offer on the first day of trial; Salcido acknowledged that he understood that the offer would close when jury selection began, he would be tried on all of the charged offenses, and there was a good chance that the district court would impose consecutive sentences if he was convicted; and Salcido chose to take his case to trial. We conclude from this record that Salcido has failed to demonstrate actual prejudice or a miscarriage of justice and therefore he has not shown plain error.

*Sufficiency of evidence*

Salcido claims that insufficient evidence supports his convictions for attempted murder, battery, robbery, carrying a concealed weapon, and the enhancements that were applied to those crimes. In

particular, he argues that the State failed to prove that he possessed the requisite intent to attempt murder; he promoted, furthered, or assisted a criminal gang; his knife caused the cut to the victim's thumb; and his knife was concealed. We review the evidence in the light most favorable to the prosecution and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).

The jury heard testimony that Jesus Cadenas Pedraza and his tenant, David Lazaro Salazar, were watching television late one evening when Salcido knocked loudly on their door. Pedraza opened the door and Salcido insulted him and accused him of calling the police. Salcido asked Pedraza if he wanted to die, pulled a previously unseen knife from his pants, and shouted "Sureños rule" before jumping onto Pedraza. Pedraza defended himself by covering his chest and face with his arms and Salcido stabbed him in the arm. The police later found Salcido's broken knife on the ground where it had fallen when Pedraza shut the door on Salcido.

Salcido returned to Pedraza's residence with another knife after the police left. He found Salazar standing in the garage with a beer in his hand and told Salazar to give him the beer. When Salazar refused to surrender the beer, Salcido seized the beer with his left hand and struck Salazar with the knife he was holding in his right hand. Salazar did not realize that he had been cut until he went inside and saw that he was bleeding.

The Sureños is a gang that was created by the Mexican Mafia to carry out criminal acts such as murder, robbery, and drug trafficking. It is an umbrella organization that directs the operations of lesser-known

gangs such as the Pomona Sur Lokotes and the Brown Pride Lokotes. A gangster promotes, furthers, and assists a gang when he calls out the gang name while committing a crime because calling out a gang name instills fear in the community, makes it easier for the gang to continue to victimize the community, and reduces the risk of its crimes being reported. Salcido admitted to the police during field interviews that he is a member of the Pomona Sur Lokotes gang, and he also admitted that he is a member of the Brown Pride Lokotes gang.

We conclude that a rational juror could infer from this evidence that Salcido concealed a knife in his pants, he attempted to murder and battered Pedraza with a knife for the purpose of furthering the activities of a criminal gang, and he battered and robbed Salazar with a knife. *See* NRS 193.165(1); NRS 193.168(1); NRS 193.200; NRS 193.330(1); NRS 200.010(1); NRS 200.380(1); NRS 200.481(1); NRS 202.350(1)(d)(3); *see also Sharma v. State*, 118 Nev. 648, 659, 56 P.3d 868, 874 (2002) ("[I]ntent can rarely be proven by direct evidence of a defendant's state of mind, but instead is inferred by the jury from the individualized, external circumstances of the crime, which are capable of proof at trial."); *Hernandez v. State*, 118 Nev. 513, 531, 50 P.3d 1100, 1112 (2002) (circumstantial evidence is enough to support a conviction). It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

*Bad acts evidence*

Salcido claims that district court erred by admitting evidence that he made threatening hand gestures towards Salazar during a

preliminary hearing without conducting a hearing as required by *Petrocelli v. State*, 101 Nev. 46, 51-52, 692 P.2d 503, 507-08 (1985), and instructing the jury as required by *Tavares v. State*, 117 Nev. 725, 733, 30 P.3d 1128, 1133 (2001). The record suggests that Salcido objected to this evidence and the district court ruled on his objection. However, the objection and the ruling were made during an unrecorded bench conference and Salcido failed to make a record of what transpired during that conference. *See Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) (appellant has the burden to make a proper appellate record). Without such a record we are unable to identify the grounds for Salcido's objection or the basis for the district court's ruling. Accordingly, we conclude that Salcido has failed to overcome the presumption that the district court properly ruled on his objection. *Cf., Lee v. Sheriff*, 85 Nev. 379, 380-81, 455 P.2d 623, 624 (1969).

*Judicial notice*

Salcido claims that the district court erred by granting the State's motion for judicial notice of the contents of two preliminary hearing transcripts, which demonstrate that Salazar identified Salcido in court during prior proceedings in this case. However, Salcido did not object to the State's motion and he has not demonstrated plain error because there was no error. *See* NRS 47.130(2) (identifying matters of fact that may be judicially noticed); *In re AMERCO Derivative Litigation*, 127 Nev. ___, ___ n.9, 252 P.3d 681, 699 n.9 (2011) ("[G]enerally, this court will not take judicial notice of facts in a *different* case." (emphasis added)); *Occhiuto v. Occhiuto*, 97 Nev. 143, 145, 625 P.2d 568, 569 (1981) (allowing judicial notice of a prior proceeding where the cases are closely related); *Sheriff, Clark Cnty. v. Kravetz*, 96 Nev. 919, 920, 620 P.2d 868, 869 (1980)

(relying upon a preliminary hearing transcript to judicially notice the location of a crime scene).

*Improper expert opinion*

Salcido claims that the district court erred by permitting the State's expert witness to testify that the Brown Pride, Pomona Sur Lokotes, and Sureños gangs meet the statutory definition of a criminal gang because the expert's testimony was an improper opinion on an issue of law. However, Salcido did not object to this testimony and he has not demonstrated plain error because there was no error. *See* NRS 50.295 ("Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."). *But see Origel-Candido v. State*, 114 Nev. 378, 383, 956 P.2d 1378, 1381 (1998) (where an expert's testimony as to the definition of a criminal gang followed by his *conclusory* statement that the gang in question was a criminal gang was held to be insufficient to prove that the gang was in fact a criminal gang).

*Prosecutorial misconduct*

Salcido claims that the prosecutor committed misconduct by asking Pedraza, "And did [Salcido] ever mention anything about the Sureños?" because the question was leading and its sole purpose was to establish facts that would substantially enhance his prison sentence. However, Salcido did not object to this question and he has not demonstrated plain error because there was no error. *See* 1 McCormick on Evid. § 6 (7th ed.) ("A leading question is one that suggests to the witness the answer desired by the examiner."). *People v. Pearson*, 297 P.3d 793, 825 (Cal. 2013) ("Questions calling for a 'yes' or 'no' answer are not leading

questions unless they are unduly suggestive under the circumstances."), *cert. denied*, ___ U.S. ___, 134 S. Ct. 198 (2013).

*Cumulative error*

Salcido claims that cumulative error deprived him of a fair trial and warrants reversal of his judgment of conviction. However, because Salcido has failed to demonstrate any trial error, we conclude that he was not deprived of a fair trial due to cumulative error.

Having concluded that Salcido is not entitled to relief, we

ORDER the amended judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Valerie Adair, District Judge
      Coyer Law Office
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk